IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GMAC MORTGAGE, LLC | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-10-3542 |
| JOHNNY L. HARRIS, JR.; KEISHA S. HARRIS; and CITIBANK, N.A. | * | |
| | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

The Plaintiff, GMAC Mortgage, LLC ("Plaintiff" or "GMAC Mortgage"), filed this action against Defendants Johnny L. Harris, Jr., Keisha S. Harris, and Citibank, N.A. ("Defendants") to clarify its rights under a deed of trust on real property. Because the Defendants have failed to appear, answer, plead, or otherwise defend in this matter, the Plaintiff now seeks an entry of default judgment against the Defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure. For the reasons that follow, the Plaintiff's Motion for Default Judgment (ECF No. 11) is GRANTED, and JUDGMENT SHALL BE ENTERED in favor of the Plaintiff and against the Defendants. Because the intent of the parties is clear from the evidence in the record, the lien created by Citibank, N.A.'s deed of trust shall be subordinate to the lien created by GMAC Mortgage's deed of trust.

## BACKGROUND

On August 29, 2003, Johnny L. Harris Jr. and Keisha Harris ("the Harrises") purchased the property known as 1242 Meridene Drive, Baltimore, Maryland 21239 ("Meridene property") for $85,000. Dilworth Aff. ¶ 3, ECF No. 11-1; Compl. ¶ 9, ECF No.

1

1.      On April 15, 2004, the Harrises borrowed $91,650 from Amerigroup Mortgage Corporation ("Amerigroup"). *Id.* Amerigroup secured this loan with a deed of trust ("Amerigroup deed of trust") on the Meridene property. *Id.* The Amerigroup deed of trust was recorded among the Land Records of Baltimore City at Liber 5380, Page 046. Amerigroup Deed of Trust, Compl. Ex. A, ECF No. 1-1; Dilworth Aff. ¶ 3.

On March 22, 2006, the Harrises borrowed $61,000 from Citibank FSB, which has subsequently merged into Citibank, N.A. ("Citibank"). Dilworth Aff. ¶ 4. This loan was also secured by a deed of trust ("Citibank deed of trust") on the Meridene property. *Id.* The Citibank deed of trust was recorded among the Land Records of Baltimore City at Liber 7638, Page 464. Citibank Deed of Trust, Compl. Ex. B, ECF No. 1-2; Dilworth Aff. ¶ 5. Because the Citibank deed of trust was recorded after the Amerigroup deed of trust, it is apparent that the Harrises and Citibank intended for the Citibank deed of trust to be subordinate to that of Amerigroup. Dilworth Aff. ¶ 6.

Nearly two years later, in March 2008, the Harrises refinanced their existing Amerigroup loan with a loan from Plaintiff GMAC Mortgage, LLC ("Plaintiff" or "GMAC Mortgage") in the amount of $91,152. *Id.* ¶ 7. GMAC Mortgage was willing to refinance the Harrises' Amerigroup loan only if its lien had priority over Citibank's deed of trust. *Id.* ¶ 8. In a written document entitled "Subordination of Lien" ("Citibank Subordination of Lien"), Citibank confirmed that the Citibank deed of trust would be subordinate to GMAC Mortgage's lien. *See* Subordination of Lien, Compl. Ex. C, ECF No. 1-3; Dilworth Aff. ¶ 8. The Citibank Subordination of Lien was supposed to be recorded among the Land Records of Baltimore City, but for unknown reasons it was never recorded. Dilworth Aff. ¶ 11.

At settlement, the Harrises granted a deed of trust to GMAC Mortgage ("GMAC Mortgage deed of trust") as security for its loan. GMAC Mortgage Deed of Trust, Compl. Ex. D, ECF No. 1-4; Dilworth Aff. ¶ 9. GMAC Mortgage paid $86,018.15 to satisfy the balance owed under the Amerigroup deed of trust. Dilworth Aff. ¶ 10. A certificate of satisfaction for the Amerigroup deed of trust was recorded among the Land Records of Baltimore City at Liber 10609, Page 297. GMAC Mortgage Certificate of Satisfaction, Compl. Ex. E, ECF No. 1-5; Dilworth Aff. ¶ 10.

The GMAC Mortgage deed of trust, like the Citibank Subordination of Lien, was supposed to be recorded among the Land Records of Baltimore City, but for unknown reasons it was never recorded. Dilworth Aff. ¶ 11. The Plaintiff asserts that Complaint Exhibits C and D are exact photocopies of the Citibank Subordination of Lien and GMAC Mortgage deed of trust;[1] however, the Land Records of Baltimore City will not record photocopied instruments except by court order. *Id.* ¶ 12. Additionally, the Subordination of Lien lacks a notary's acknowledgement. *Id.* ¶ 13.

In order to resolve the uncertainty surrounding GMAC Mortgage's rights under its deed of trust on the Meridene property, GMAC Mortgage brought this action on December 20, 2010. The summons and Complaint were properly served on Defendant Citibank on December 29, 2010; thus its answer was due on January 19, 2011. Feb. 1, 2011 Order of Default, ECF No. 6. Because Citibank did not file a response or any affirmative defenses by that deadline, the Clerk of Court filed an entry of default against Citibank on February 1,

---

[1] Exhibit C, a photocopy the Citibank Subordination of Lien, is also appended to the Plaintiff's Motion for Default Judgment as Exhibit B (ECF No. 11-2). Exhibit D, a photocopy of the GMAC Mortgage deed of trust, is appended to the Plaintiff's Motion for Default Judgment as Exhibit A (ECF No. 11-2).

2011. *Id.* Likewise, Defendants Johnny L. Harris, Jr. and Keisha S. Harris were properly served the summons and Complaint on March 23, 2011; thus their deadline to plead or otherwise defend expired on April 13, 2011. May 10, 2011 Order of Default, ECF No. 10. The Clerk of Court filed an entry of default on May 10, 2011. *Id.* As the Defendants have failed to appear, answer, plead, or otherwise defend in this matter, the Plaintiff now seeks an entry of default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure.[2]

## STANDARD OF REVIEW

Entries of default and default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. Rule 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A court may grant a default judgment when a properly served defendant fails to respond to a complaint for declaratory relief. *See Nautilus Ins. Co. v. BSA Ltd. P'ship*, 602 F. Supp. 2d 641, 645-46 (D. Md. 2009) (awarding default judgment in a declaratory judgment action); *Am. Select Ins. Co. v. Taylor*, 445 F. Supp. 2d 681, 684 (N.D. W. Va. 2006) (same); *see also Penn Am. Ins. Co. v. Valade*, 28 F. App'x 253 (4th Cir. 2002) (affirming summary judgment in favor of insurer, following entry of default judgment in declaratory judgment action).

If, after entry of default, the plaintiff's complaint does not specify a "sum certain" amount of damages, the court may enter a default judgment against the defendant pursuant to Rule 55(b)(2). In considering a motion for default judgment, this Court accepts as true

---

[2] On June 8, 2012, this Court granted a two-week stay of any decision of the subject Motion for Default Judgment (ECF No. 13) to permit Citibank to respond. During that stay, Citibank did not submit a response.

the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). However, "liability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed. 1998); *see also Ryan*, 253 F.3d at 780-81. Although the United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party," *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

ANALYSIS

Because the Defendants have failed to defend in this action and the Clerk of Court has filed an entry of default, the requirements for ordering default judgment have been met. *See* Fed. R. Civ. P. 55(a)-(b). As this Court has previously found, default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *Lawbaugh*, 359 F. Supp. 2d at 421. Nevertheless, "[l]iability is not deemed established because of the default." 10A Wright, Miller & Kane, § 2688. Accordingly, this Court must determine whether the Plaintiff's allegations support an award of default judgment. *Ryan*, 253 F.3d at 780. In considering a motion for default judgment, this Court accepts as true the complaint's well-pleaded factual allegations as to liability. *Id.* at 780-81.

The Plaintiff seeks declaratory relief pursuant to the Declaratory Judgment Act, 18

U.S.C. § 2201.  In particular, the Plaintiff asks this Court to declare its rights under the GMAC Mortgage deed of trust on the Meridene property.  Under the Declaratory Judgment Act, a district court, "in a case of actual controversy within its jurisdiction . . . may declare the rights and other legal relations of any interest party seeking such declaration."  *Id.*  This Court has previously found that the Declaratory Judgment Act applies to cases involving the construction of a deed.  *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 513 (D. Md. 2007).  In *Johnson v. Wheeler*, the plaintiffs sought a court order declaring that a deed of trust was void under Maryland law.  *Id.*  This Court determined that declaratory relief was proper, explaining that the Declaratory Judgment Act "is procedural in nature and is meant to expedite and simplify the ascertainment of uncertain rights.  Accordingly, it is to be liberally construed."  *Id.*  The Court went on to acknowledge that "under Maryland's Uniform Declaratory Judgment Act '[a]ny person interested under a deed . . . whose right, status or other legal relations are affected by a statute . . . [or] contract . . . may have determined any question . . . arising under the . . . statute . . . [or] contract . . . and obtain a declaration of rights, status or legal relations under it.'"  *Id.* (citing Md. Code Ann., Cts. & Jud. Proc. § 3-406 (2003)).  Consequently, this Court found that where it otherwise had jurisdiction over the parties, it was "equally authorized to entertain a declaratory judgment action involving the construction of a deed."  *Id.*

In this case, the Plaintiff seeks to resolve an uncertainty surrounding its legal rights by having this Court declare that the Citibank deed of trust is subordinate to the GMAC Mortgage deed of trust.  As in *Johnson*, there is no dispute that this Court has jurisdiction over the parties; therefore, the Court is authorized to entertain a declaratory judgment action

6

involving the Plaintiff's deed of trust. Declaratory judgment is appropriate here, as the judgment "will serve a useful purpose in clarifying and settling the legal relations in issue." *Penn-American Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004).

Taking the well-pleaded factual allegations as true, *Ryan*, 253 F.3d at 780-81, the Plaintiff has demonstrated that declaratory relief is appropriate. The Plaintiff has submitted copies of the GMAC Mortgage deed of trust and Citibank Subordination of Lien, which show that the Harrises executed a deed of trust to benefit GMAC Mortgage and that Citibank agreed to subordinate its lien on the Meridene property to the lien of the Plaintiff. *See* Compl. Exs. C, D; Dilworth Aff. ¶¶ 8-9. Although these documents were lost and never recorded with the Land Records of Baltimore City, Nancy Dilworth, an employee of the Plaintiff, attests that the copies submitted as exhibits are exact photocopies of the originals. Dilworth Aff. ¶ 12. The accuracy of these copies has not been disputed. Moreover, no Defendant has disputed that the Harrises executed the GMAC Mortgage deed of trust or that Citibank executed the Subordination of Lien. Finally, even though the Citibank Subordination of Lien lacks a notary's acknowledgement, there is ample evidence that Citibank intended to subordinate its lien to the GMAC Mortgage lien, considering that two Citibank employees signed the document. *See* Ex. C; *see also Adams v. Avirett*, 250 A.2d 891, 893 (Md. 1969) (enforcing an unacknowledged mortgage where the maker of the instrument intended the acts in the instrument).

Accordingly, the Plaintiff has demonstrated that declaratory relief is appropriate. This Court GRANTS the Plaintiff's Motion for Default Judgment (ECF No. 11) and enters judgment in favor of the Plaintiff GMAC Mortgage, LLC and against the Defendants

7

Johnny L. Harris, Jr., Keisha S. Harris, and Citibank, N.A.  Because the intent of the parties is clear from the evidence in the record, the lien created by the Citibank deed of trust shall be subordinate to the lien created by the GMAC deed of trust.

## CONCLUSION

For the reasons stated above, the Plaintiff's Motion for Default Judgment (ECF No. 11) is GRANTED.  JUDGMENT SHALL BE ENTERED in favor of the Plaintiff GMAC Mortgage, LLC and against the Defendants Johnny L. Harris, Jr., Keisha S. Harris, and Citibank, N.A.  The intent of the parties being clear from the evidence in the record, the lien created by the Citibank deed of trust shall be subordinate to the lien created by the GMAC Mortgage deed of trust.

In light of the fact that the original versions of the GMAC Mortgage deed of trust and Citibank Subordination of Lien have been lost, Exhibit A attached to the Plaintiff's Motion for Default Judgment (ECF No. 11-2), which is a copy of the March 21, 2008 deed of trust from the Harrises for the benefit of GMAC Mortgage, LLC, shall be valid as an original document for all purposes, including recordation in the Land Records for Baltimore City.  Likewise, Exhibit B attached to the Plaintiff's Motion for Default Judgment (ECF No. 11-2), which is a copy of the Subordination of Lien executed by Citibank, N.A. for purposes of subordinating the Citibank deed of trust to the GMAC Mortgage deed of trust, shall be valid as an original document for all purposes, including recordation in the Land Records for Baltimore City.  This Order and the attached Exhibits A and B shall be recorded among the Land Records of Baltimore City, Maryland.

Finally, this declaratory judgment includes additional information the Plaintiff seeks

to have declared regarding the Harrises' loans. First, the Harrises resided at the Meridene property at the time of the refinance. Second, the mortgage being refinanced, which was the Amerigroup deed of trust, was recorded at Liber 5380, Page 046 and its outstanding principal balance was $86,018.05. Finally, the Harrises were the original borrowers. *See* Dilworth Aff. ¶¶ 3-10.

    A separate Order follows.

Dated:     February 20, 2013                    \_\_\_\_\_/s/_____

                                                                Richard D. Bennett
                                                                United States District Judge